RECEIVED
IN LAKE CHARLES, LA.

OCT 24 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FRANCOIS FONTENOT, ET AL. | * | CIVIL ACTION NO. 2:12-CV-02832 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| CITGO PETROLEUM CORPORATION, ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |
| Defendants | * | |

## MEMORANDUM RULING

Before the court is Citgo Petroleum Corporation's (Citgo) Motion for Summary Judgment [Doc. 13], to which Francois Fontenot and Brandi Fontenot (the Fontenots) have timely filed a Response Memorandum [Doc. 17]. For the following reasons, the defendant's Motion is hereby **GRANTED,** and the Fontenots' claims against Citgo are hereby **DISMISSED WITH PREJUDICE.**

### FACTS AND PROCEDURAL HISTORY

The Fontenots filed suit against Citgo and P.S.C. Environmental Services, L.L.C., (P.S.C.) in the Fourteenth Judicial District Court for the Parish of Calcasieu on September 14, 2012. The defendant timely removed the case to this court on November 2, 2012.

The Fontenots seek a tort remedy for a work-related accident that occurred on September 14, 2011, at the Westlake, Louisiana Citgo plant. Mr. Fontenot was at the time employed by Turner Industries Group, L.L.C., (Turner) and was working within the Citgo plant alongside contractors from P.S.C. The Fontenots allege that Mr. Fontenot was replacing a pipe when the seal covering the pipe's end broke, emitting gas that came into contact with Mr. Fontenot, quickly engulfing the majority of his body and causing serious and debilitating injuries.

1

Mr. Fontenot's work at the Citgo plant was being performed pursuant to a contract entered into between Citgo and Turner to perform maintenance and construction work at Citgo's facility.[1] The following statutory employment clause was included in that contract:

**30.24 Statutory Employer**
For Services provided within the boundaries of the State of Louisiana and for Services that are subject to Louisiana Law, Contractor agrees and recognizes that the Company shall be the Statutory Employer of all Contractor personnel assigned to provide Services under this Agreement in accordance with the requirements of Louisiana Revised Statutes R.S. Section 23:1061A(3).[2]

Mr. Fontenot seeks money damages based upon the alleged negligence of Citgo and P.S.C. Mr. Fontenot's wife, Mrs. Brandi Fontenot, seeks damages for loss of consortium as a result of the accident.[3] Before the court is Citgo's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party is able to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue may be said to be "'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam). "A fact issue is 'material' if its resolution could affect the outcome of the action." *St. Paul Surplus Lines Ins. Co. v. Settoon Towing, L.L.C.*, 720 F.3d 268, 275 (5th Cir. 2013) (citing *Hamilton*, 232 F.3d at 477). The burden is on the movant to show that there is an absence of a genuine issue of material fact. *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 628 (5th Cir. 2013) (citations omitted). If the burden of proof is to be borne by the nonmoving party at trial, however, the moving party may meet its burden by identifying evidence in the record that

---
[1] *See* General Maintenance Outline Agreement as Contract No. 4600006264 between Citgo Petroleum Corp., Lake Charles Manufacturing Complex and Turner Industries Group, L.L.C. [Doc. 13-2], at 3-55.
[2] *Id.* at ¶ 30.24.
[3] Pet. [Doc. 1-2], at ¶¶ 3-9.

2

negates an essential element of the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In evaluating a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).

## LAW AND ANALYSIS

Citgo's primary argument is that Citgo is Mr. Fontenot's statutory employer as a result of the aforementioned statutory employment provision in the agreement between Citgo and Turner, and, as such, Citgo is immune from tort claims except for those resulting from intentional acts under Louisiana's worker's compensation scheme.[4] In order for an employer to be recognized as a statutory employer for purposes of worker's compensation law, Louisiana law requires a written contract between the principal and a contractor "which recognizes the principal as a statutory employer." LA. REV. STAT. ANN. § 23:1061(A)(3). That is precisely what occurred here.

It should be noted that, although the Fontenots have filed a memorandum in response to Citgo's Motion, it is only to say that they "cannot in good faith oppose the motion."[5] Further, Citgo's argument regarding immunity from suit in this matter based on Louisiana worker's compensation law is well-founded.

Mrs. Fontenot has also sued for loss of consortium. Citgo again argues that Louisiana law prohibits the spouse of an injured employee from seeking damages for loss of consortium when the worker's compensation scheme applies.[6] The court agrees with Citgo's position. "A

---

[4] *See* LA. REV. STAT. ANN. § 23:1032, which states, in pertinent part, that
[e]xcept for intentional acts . . . the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages . . . .
[5] Resp. Mem. [Doc. 17], at 1.
[6] Mem. in Supp. of Mot. for Summ. J. [Doc. 13-1], at 8.

3

claim by the spouse of an injured worker for loss of consortium is barred when the injury is covered by worker's compensation." *Temple v. Sherman*, 856 So. 2d 77, 79 (La. Ct. App. 2003) (citing *Whiddon v. Livingston Parish Council*, 809 So. 2d 421 (La. Ct. App. 2001); *writ denied*, 807 So. 2d 837 (La. Ct. App. 2002)). As this point is also not contested by the Fontenots, and because this claim cannot be maintained under Louisiana law, this claim must also be dismissed. Accordingly,

**IT IS ORDERED** that Citgo's Motion for Summary Judgment is hereby **GRANTED**, and all claims asserted against Citgo by the Fontenots are hereby **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this 23 day of October, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4