RECEIVED
IN LAKE CHARLES, LA.
JUN 16 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANCOIS FONTENOT, ET AL.** | * | CIVIL ACTION NO. 2:12-CV-02832 |
| **Plaintiffs** | * | |
| V. | * | JUDGE MINALDI |
| **CITGO PETROLEUM CORPORATION, ET AL.** | * | |
| | * | MAGISTRATE JUDGE KAY |
| **Defendants** | * | |

## MEMORANDUM RULING

Before the court is the Motion for Summary Judgment [Doc. 18], filed by the defendant, PSC Environmental Services, L.L.C. (PSC). This Motion [Doc. 18] was originally filed on October 15, 2013. On October 16, 2013, the Clerk of Court issued a Notice of Motion Setting [Doc. 19], giving the plaintiffs—husband and wife, Francois Fontenot and Brandi Fontenot—twenty-one (21) days after service of the motion to file a response or opposition. The plaintiffs, proceeding *pro se*, have not filed a response. For the following reasons, PSC's Motion is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The instant action arises from physical injuries allegedly sustained by Mr. Fontenot on September 14, 2011, at the Westlake, Louisiana, Citgo Petroleum plant (the plant).[1] Mr. Fontenot was employed at the time by Turner Industries to work at the plant, as were contractors who were employed by PSC.[2] The plaintiffs allege that, while Mr. Fontenot was replacing a pipe at the facility, "the seal covering the end of the pipe broke and gas was emitted and engulfed Mr.

---

[1] Pet. [Doc. 1-2], at ¶ II.
[2] *Id.* at ¶ III.

Fontenot and sprayed him directly in the face, arms, torso and legs resulting in serious and permanent personal injuries."[3]

The plaintiffs filed suit against Citgo and PSC on September 14, 2012, in the Fourteenth Judicial District Court for the Parish of Calcasieu, seeking to recover under a negligence theory for personal injuries, medical expenses, loss of income and earning capacity, and other damages.[4] Mrs. Fontenot likewise asserted a claim for loss of consortium against both of the defendants.[5]

On November 2, 2012, the defendants removed this case to the United States District Court for the Western District of Louisiana, invoking the court's diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[6] On June 12, 2013, Citgo filed a Motion for Summary Judgment [Doc. 13], which was granted on October 24, 2013.[7] The instant Motion for Summary Judgment [Doc. 18] was filed by PSC on October 15, 2013. Shortly thereafter, the plaintiffs' counsel moved to withdraw from this matter.[8] After setting the motion for hearing, and after the Magistrate Judge explained to the plaintiffs the consequences and ramifications of choosing to proceed *pro se*, the Magistrate Judge granted the plaintiffs' counsel's motion to withdraw.[9]

Following the withdrawal of the plaintiffs' counsel, the plaintiffs have been somewhat negligent in their obligation to remain in contact with the court. The plaintiffs failed to attend a scheduling conference on February 6, 2014.[10] This was the result of the court's and defense

---

[3] *Id.* at ¶ III.
[4] *Id.* at ¶ I, II, V.
[5] *Id.* at ¶ VIII.
[6] Not. of Removal [Doc. 1], at ¶ III.
[7] Order [Doc. 24].
[8] *See generally* Mot. to Withdraw as Counsel [Doc. 25].
[9] Minutes, Dec. 5, 2013 [Doc. 27].
[10] Minutes, Feb. 6, 2014 [Doc. 32].

2

counsel's inability to contact the plaintiffs either by mail, by phone, or by email.[11] The Magistrate Judge at that time instructed the plaintiffs to contact chambers within twenty-one days or risk dismissal for failure to prosecute, and ordered that multiple notices of that order be sent to both of the plaintiffs' addresses listed on the docket, as well as to the plaintiffs' email address.[12] Several days later, the plaintiffs contacted the Magistrate Judge's chambers and provided updated contact information, and, at the scheduling conference held on March 6, 2014, the Magistrate Judge reminded the plaintiffs of their ongoing obligation to keep the court apprised as to their current contact information.[13] The plaintiffs have failed to submit any opposition to PSC's Motion for Summary Judgment.

## LAW & ANALYSIS

Summary judgment may be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While the reviewing court is to view all evidence in "the light most favorable to the nonmoving party, a nonmovant may not rely on 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' to create a genuine issue of material fact sufficient to survive summary judgment." *Everett v. Cent. Miss., Inc. Head Start Program*, 444 Fed. Appx. 38, 43 (5th Cir. 2011) (internal citations omitted). The party opposing the motion "must support its opposition to summary

---

[11] *Id.*
[12] *Id.*
[13] Minutes, Mar. 6, 2014 [Doc. 38].

3

judgment by citing to materials in the record." *House v. Interline Brands, Inc.*, 464 Fed. Appx. 402, 404 (5th Cir. 2012) (*citing* FED. R. CIV. PRO. 56(c)).

"Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under [Louisiana Civil Code article] 2315."[14] *Wiltz v. Bayer CropScience, Ltd. P'Ship*, 645 F.3d 690, 698 (5th Cir. 2011) (*citing Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So. 2d 270, 275 (La. 2002)). This analysis requires that a plaintiff prove five elements in order to recover under a theory of negligence:

> (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element).

*Jones v. Buck Kreihs Marine Repair, L.L.C.*, 122 So. 3d 1181, 1186 (La. Ct. App. 2013) (*citing Long v. State ex rel. Dept. of Transp. & Dev.*, 916 So. 2d 87, 101 (La. 2005) (additional citations omitted)).

As to the cause-in-fact inquiry, "[t]he plaintiff is required to prove that the defendant's conduct constituted a substantial factor in causing the injury by a preponderance of the evidence." *Chaisson v. Avondale Indus.*, 947 So. 2d 171, 188 (La. Ct. App. 2006) (citations omitted). In order to succeed, the plaintiffs are required to come forth with evidence showing that PSC in some way caused Mr. Fontenot's alleged injuries.

The plaintiffs' petition states that, on the date of the alleged injury, Mr. Fontenot had been working with contractors from PSC.[15] The plaintiffs also state that PSC owed Mr. Fontenot a non-delegable duty to provide him with a safe work environment, and that PSC negligently

---

[14] *See* LA. CIV. CODE ANN. art 2315(A) (stating that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it").
[15] Pet. [Doc. 18-2], at ¶ III.

4

breached that duty.[16] However, the plaintiffs have made no specific allegations of fact against PSC or anyone employed by PSC that would support a finding that PSC employees were a cause-in-fact of Mr. Fontenot's injuries, nor have they filed anything in opposition to PSC's Motion for Summary Judgment.

PSC contends that PSC personnel were not working in the area in which the alleged incident occurred.[17] PSC has also submitted shift logs attesting to the fact that PSC's equipment and personnel had left the plant by 5:00 p.m. on the evening of the alleged incident, and that the incident did not occur until approximately 9:00 p.m.[18] Accordingly, PSC grounds its argument both in the fact that the plaintiffs have submitted no evidence which would tend to support a claim that PSC personnel in any way caused the accident in question, as well as the fact that the plaintiff has not demonstrated that PSC personnel were even present at the time of the alleged incident.[19] As to the causation element, an assessment of the entire record reveals that the plaintiffs have failed to make a sufficient showing to survive PSC's Motion for Summary Judgment [Doc. 18].

Rule 56(e) states that, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact . . . [or] (4) issue any other appropriate order." FED. R. CIV. PRO. 56(e). Furthermore, a district court possesses broad discretion in determining whether to expand filing deadlines. *See* FED. R. CIV. PRO. 6(b); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (citations omitted). The court is disinclined to provide the plaintiffs with additional time to file an opposition, given that PSC's Motion was originally filed in October, 2013, and the

---

[16] *Id.* at ¶¶ IV-V.
[17] Memo. in Supp. [Doc. 18], at 1.
[18] *See* Shift Report, Sept. 14, 2011 [Doc. 18-2], at 1; Job Log, Sept. 14, 2011 [Doc. 18-2], at 2. Depo. of Francois Fontenot, Apr. 9, 2013 [Doc. 18-2], at 23.
[19] Memo. in Supp. [Doc. 18-1], at 4.

plaintiffs have yet to respond. Furthermore, the plaintiffs have offered no reason for the court to believe that they would be able to come forth with sufficient evidence to warrant a denial of PSC's motion, even if they were provided with additional time to do so. Accordingly,

**IT IS ORDERED** that PSC's Motion for Summary Judgment [Doc. 18] be and hereby is **GRANTED**, and all of the plaintiffs' claims asserted against PSC in the above-captioned matter be and hereby are **DISMISSED, WITH PREJUDICE.**

Lake Charles, Louisiana, this 13 day of June, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE